Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST PIPELINE LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN S. COPELAND, individually and as his separate estate,<br><br>　　　　　　　　Defendants. | No. 2:19-cv-00148-RAJ<br><br>ORDER |

This matter comes before the court on Plaintiff Northwest Pipeline LLC's ("Northwest") Motion for Default Judgment. Dkt. # 16. The Court, having reviewed the Motion and the record herein, **GRANTS** the Motion and directs the clerk to enter default judgment as directed at the conclusion of this Order.

## I. BACKGROUND

Northwest is a federally regulated company that operates, maintains, and constructs natural gas pipelines. Dkt. # 1, ¶ 9. Northwest currently operates an eight-inch natural gas pipeline located in part on Defendant Jonathan Copeland's property. Dkt. # 17, ¶ 2. In order to meet the continually increasing demand for natural gas,

ORDER - 1

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Northwest needs to remove portions of the existing line and replace it with a new twenty-inch natural gas pipeline (the "Project") located in part on Copeland's property. *Id*.

On July 19, 2018, the Federal Energy Regulatory Commission ("FERC") issued Northwest a Certificate of Public Convenience and Necessity ("FERC Certificate") authorizing Northwest to, among other things, construct the Project on the Property. Dkt. # 1, ¶ 13, Ex. A.

In October 2017, Northwest and Mr. Copeland entered into an Option for Temporary Construction Easement Agreement ("Option") that granted Northwest the exclusive right and option to procure the TCE from Copeland. Dkt. # 17, ¶ 3. The Temporary Construction Easement ("TCE") would grant Northwest temporary easement rights for construction workspace necessary to replace the portion of its pipeline on Mr. Copeland's property. *Id*., Ex. A. At the time the Option was executed, Northwest paid Mr. Copeland half of the purchase price for the TCE ($5,550.00) plus compensation for timber and an access road ($900.00), for a total payment of $6,450.00, to secure the Option. *Id*. The Agreement further states that Northwest may exercise the option by serving Mr. Copeland with written notice of exercise any time during the period between October 16, 2017, and December 15, 2018, after which Mr. Copeland "then shall execute and deliver to [Northwest] a Temporary Construction Easement Agreement." *Id*. Upon execution, Copeland would be paid the balance of the full purchase price. *Id*.

On December 3, 2018, Northwest sent Mr. Copeland a letter exercising its option under the Agreement. Dkt. # 17, ¶ 5, Ex. C. However, despite multiple attempts to secure the TCE, Mr. Copeland did not deliver the TCE to Northwest. *Id*.; see also Dkt. # 1 at 4-5.

Northwest filed its Complaint on January 31, 2019, alleging claims for breach of the Option and condemnation of the TCE. Dkt. #1. After Mr. Copeland failed to timely appear in or defend against this matter, Northwest moved for an Order of Default (Dkt.

ORDER - 2

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

#13), which the Clerk entered on March 4, 2019. Dkt. #15. Northwest now moves for entry of default judgment against Defendant and for an order of condemnation of the TCE. Dkt. # 16. There has been no response to this motion or any other filing by Mr. Copeland.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). Upon entry of default, the defendant's liability is established and the well-pleaded allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

Generally, courts must conduct a hearing to analyze damages if the moving party does not produce sufficient evidence allowing the court to accurately calculate damages. *See, e.g.*, Fed. R. Civ. P. 55(b)(2)(B); W.D. Wash LCR 55(b)(2)(A); *Televideo Sys., Inc.*, 826 F.2d at 917. However, in condemnation proceedings such as this, the "failure to serve an answer constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation." Fed. R. Civ. P. 71.1(d)(2)(A)(vi).

The Natural Gas Act ("NGA") establishes the framework for the condemnation of property necessary for Northwest's Project. The NGA provides, in pertinent part:

> When any holder of a certificate of public convenience and
> necessity cannot acquire by contract, or is unable to agree
> with the owner of property to the compensation to be paid for,
> the necessary right-of-way to construct, operate, and maintain
> a pipe line or pipe lines for the transportation of natural gas ...
> it may acquire the same by the exercise of the right of
> eminent domain in the district court of the United States for
> the district in which such property may be located, or in the
> State courts.

ORDER - 3

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

15 U.S.C. § 717f(h); *see also Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 550 F.3d 770, 776 (9th Cir. 2008); *Nw. Pipeline G.P. v. Francisco*, C08-0601MJP, 2008 WL 4547216, at *2 (W.D. Wash. Oct. 3, 2008).

Here, Northwest has established that it is the proper holder of FERC Certificate of public convenience and necessity from FERC to construct, operate, and maintain the pipeline by replacing the pipelines in the Existing Line. Dkt. # 5, Ex. A; Dkt. # 17, ¶ 2. Northwest has also shown that despite its good faith negotiation efforts, it has been unable to acquire the TCE necessary to complete the Project. Dkt. # 17, ¶ 2. Northwest negotiated and entered into an option contract with Mr. Copeland for the TCE, and properly exercised its option. Dkt. # 17, ¶ 5, Ex. C. Mr. Copeland has not delivered the TCE and has apparently not responded to Northwest's efforts to secure the TCE. *Id*.

Northwest has therefore set forth a sufficient claim for condemnation under the NGA. Northwest contends that the proper amount of just compensation for the TCE is the value agreed to by the parties in their agreement and based on Northwest's determination of value, which is five thousand, five hundred, and fifty dollars, and no cents ($5,550.00). Dkt. # 17, Exs. A, B. In the absence of any conflicting evidence, the Court will find this value reasonable and sufficient to establish just compensation.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Northwest's Motion. Dkt. # 16. Northwest is granted an order of condemnation of, and shall be deemed to have appropriated, the Temporary Construction Easement attached hereto as Exhibit A effective as of the date of this Order.

**Within ten (10) days of this Order**, Northwest shall deposit with the court registry pursuant to LCR 67 the amount of five thousand, five hundred, and fifty dollars, and no cents ($5,550.00), which amount shall be disbursed to Defendant Jonathan S.

ORDER - 4

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Copeland, less any clerk's handling fee, upon his request in this matter as just compensation for the condemnation of the TCE.

Dated this 8th day of May, 2019.

The Honorable Richard A. Jones
United States District Judge

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750